Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
20827 North Cave Creek Road, Suite 101
Phoenix, AZ  85024

Telephone:  (602) 482-4300
Facsimile:    (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Henry J. Jacques*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Henry J. Jacques,<br><br>              Plaintiff,<br><br>     v.<br><br>Prudential Insurance Company of America, Short Term Disability Plan for Employees of Rain Bird Corporation, Long Term Disability Plan for Employees of Rain Bird Corporation, Rain Bird Corporation,<br><br>              Defendants. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff Henry J. Jacques (hereinafter referred to as "Plaintiff"), by and through his attorney, Scott E. Davis, and complaining against the Defendants, he states:

***Jurisdiction***

1. Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits.  In addition, this action may be brought before this Court pursuant to 28

1

1 U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

### *Parties*

2. Plaintiff is a resident of Maricopa, Arizona.

3. Upon information and belief, Defendant Rain Bird Corporation (hereinafter referred to as the "Company") sponsored, subscribed to and administered a group short term disability insurance policy which was fully insured and administered by Prudential Insurance Company of America (hereinafter referred to as "Prudential"). The specific Prudential short term disability policy (hereinafter referred to as the "STD Policy") is known as Group Policy 99950. The Company's purpose in subscribing to the Prudential STD Policy was to provide short term disability insurance for its employees. Upon information and belief, the Prudential short term disability policy may have been included in and part of the Short Term Disability Plan for Employees of Rain Bird Corporation (hereinafter referred to as the "STD Plan") which may have been created to provide the Company's employees with welfare benefits. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

4. Upon information and belief, the Company or Plan may have delegated responsibility for the Plan and/or claim administration of the STD Policy to Prudential Insurance. Plaintiff believes that as it relates to his claim, Prudential functioned as the Plan and/or Claim Administrator; however, pursuant to the relevant ERISA regulation, the Company and/or Plan may not have made a proper delegation or properly vested fiduciary authority or power for claim administration in Prudential.

5. Upon information and belief, Plaintiff believes Prudential operated under a conflict of interest in evaluating his claim due to the fact it operated in dual roles as the decision maker with regard to whether Plaintiff was disabled as well as the payor of

1  benefits; *to wit,* Prudential's conflict existed in that if it found Plaintiff was disabled it was
2  also liable for payment of those benefits.

3       6. Upon information and belief, the Company also sponsored, subscribed to and
4  administered a group long term disability insurance policy (hereinafter referred to as the
5  "LTD Policy") which was also fully insured and administered by Prudential.  The
6  Company's purpose in subscribing to the Prudential LTD Policy was to provide long term
7  disability insurance for its employees.  Upon information and belief, the Prudential long
8  term disability policy may have been included in and part of the Long Term Disability
9  Plan for Employees of Rain Bird Corporation (hereinafter referred to as the "LTD Plan")
10 which may have been created to provide the Company's employees with welfare benefits.
11 At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as
12 defined by 29 U.S.C. §1002(1).

13       7. In its role of insuring and administering the LTD Policy, Prudential operated
14 under a structural conflict of interest in that it was the decision maker and payor of benefits;
15 *to wit,* Prudential's conflict existed in that if it found Plaintiff was disabled it was also liable
16 for payment of those benefits. [1]

17       8. Prudential's conflict also existed in that if it determined Plaintiff was disabled
18 for the entire short term disability timeframe, Plaintiff was then eligible to file a long term
19 disability claim against Prudential's fully insured LTD policy.  If Prudential determined
20 Plaintiff was also disabled pursuant to its LTD Policy, it would have then incurred

---

[1] "A plan administrator's dual role of both evaluating and paying benefits claims creates the kind of conflict of interest referred to in Firestone. *That conclusion is clear where it is the employer itself that both funds the plan and evaluates the claim*, but a conflict also exists where, as here, the plan administrator is an insurance company. For one thing, the employer's own conflict may extend to its selection of an insurance company to administer its plan." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (U.S. 2008) (emphasis added).

1  significant liability and potentially been required to pay Plaintiff disability benefits for an
2  extended period of time.
3       In denying Plaintiff's short term disability claim, Prudential's conflict manifested in
4  that its decision to deny short term disability benefits subsequently precluded Plaintiff from
5  being eligible for long term disability benefits.
6       9.    The Company, Prudential, STD Plan and LTD Plan conduct business within
7  Maricopa and all events giving rise to this Complaint occurred within Maricopa.

*Venue*

9       10.   Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28
10 U.S.C. §1391.

*Nature of the Complaint*

12      11.   Incident to his employment, Plaintiff was a covered employee pursuant to
13 the Plans and relevant Policies and a "participant" as defined by 29 U.S.C. §1002(7).
14 Plaintiff seeks disability income benefits from the Plans and relevant policies pursuant to
15 §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) as well as any other employee benefits
16 he may be entitled to as a result of being found disabled.
17      12.   After working for the Company as a loyal employee, Plaintiff became
18 disabled due to serious medical conditions and was unable to work in his designated
19 occupation as a Senior Tooling Engineer on or about June 7, 2010.  Plaintiff has remained
20 disabled as that term is defined in the relevant STD Policy and/or LTD Policy continuously
21 since that date and has not been able to return to any occupation as a result of his serious
22 medical conditions.
23      13.   Following his disability, Plaintiff applied for STD benefits under the relevant
24 STD Policy.  The relevant STD Policy provides the following definition of disability:
25      During the elimination period, you are disabled when Prudential determines that:

- You are unable to perform the material and substantial duties of your regular occupation due to sickness or injury; and
- You are not working at any job.

After the elimination period, you are disabled when Prudential determines that:

- You are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and
- You are a 20% or more loss in weekly earnings due to the same sickness or injury.

14. The relevant LTD Policy provides the following definition of disability:

You are disabled when Prudential determines that:

- You are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury;
- You have a 20% or more loss in your indexed monthly earnings due to that sickness or injury; and
- You are under the regular care of a doctor.

After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

15. In support of his claim for short term disability benefits, Plaintiff submitted medical records to Prudential from his treating physicians which supported his allegation he met the STD Policy's relevant definition of disability.

16. Prudential informed Plaintiff in a letter dated June 14, 2010 it was approving his claim for short term disability benefits for the period of June 14, 2010 through August 1, 2010.

17. Plaintiff timely appealed Prudential's decision to terminate his benefits and again submitted to Prudential medical records and Attending Physicians' Statements from his treating physicians supporting his allegation he met the relevant definition of disability in the STD Policy.

5

18. Prudential informed Plaintiff in letters dated August 7, 2010, September 8, 2010, November 22, 2010 and June 30, 2011 that it was upholding its termination of benefits.

19. Plaintiff timely appealed each and every denial of his claim.

20. Prior to rendering its final determination to deny Plaintiff's claim for short term disability benefits, Prudential obtained a medical records only review "paper review" of Plaintiff's claim from Samuel S. Hahn, M.D. who is a consulting physician for an entity known as MES Solutions. Plaintiff believes the various conflicts of interests as referenced herein may have led Prudential to retain a company such as MES Solutions who provides medical records reviews "paper reviews" and other services to the disability insurance industry which are often unfavorable to claimants such as the Plaintiff.

21. Upon information and belief, Plaintiff believes Dr. Hahn is a long time consultant for the disability insurance industry. Due to his relationship with the insurance industry, Plaintiff believes Dr. Hahn has an incentive to protect this consulting relationship with the industry and Prudential by providing medical review reports which selectively review or ignore evidence, such as occurred in Plaintiff's claim, in order to provide opinions and report(s) which are favorable to insurance companies and which supported the denial of Plaintiff's claim.

22. Plaintiff also believes Defendants violated ERISA, specifically 29 CFR § 2560.503-1(h)(3)(iii) and (h)(4), because Dr. Hahn did not have the relevant medical expertise and was not the appropriate medical professional to evaluate all of his disabling diagnoses and the limitations which supported his claim. Defendants were obligated to consult with a health care professional with "appropriate medical training for the medical judgment" but it failed to do so.

23. During the administrative review of Plaintiff's claim, he applied for and received social security disability benefits through the Social Security Administration (hereinafter referred to as the "SSA").

24. SSA found Plaintiff became disabled from engaging in any gainful occupation which may have existed in the national economy as of June 7, 2010. Plaintiff submitted to Prudential a copy of his April 23, 2011 Notice of Award from the Social Security Administration.

25. SSA's definition of disability is significantly more limiting than the aforementioned definition of disability in the STD Policy and/or the definition of disability in the LTD Policy for the first 24 months of disability and substantially similar to the LTD Policy's definition of disability after the first 24 months of disability. Therefore, SSA's approval and continued payment of disability benefits through the date of this complaint is relevant evidence for this Court to consider with regard to the lawfulness of Prudential's decision to terminate Plaintiff's benefits after ignoring SSA's determination.

26. In a letter dated June 30, 2011, Prudential notified Plaintiff it made a final decision to deny his claim for continued short term disability benefits and was disallowing his claim for long term disability benefits. Prudential further informed Plaintiff he had exhausted his administrative remedies pursuant to ERISA as it relates to his short term disability claim.

27. Upon information and belief, Prudential's June 30, 2011 denial letter confirms it failed to provide a full and fair review pursuant to ERISA because it completely failed to credit, reference, consider, and/or selectively reviewed and de-emphasized most, if not all of Plaintiff's reliable evidence.

28. Upon information and belief, from the time Prudential originally evaluated Plaintiff's claim for short term disability benefits through the present, Plaintiff has remained unable to engage in any occupation.

29. Upon information and belief, Prudential denied Plaintiff a lawful, full and fair review pursuant to ERISA for various reasons including but not limited to: arbitrarily rejecting Plaintiff's reliable evidence; failing to consider all evidence submitted by Plaintiff or de-emphasizing the medical evidence supporting Plaintiff's disability and emphasizing evidence which suggested an opposite conclusion; failing to consider and/or ignoring the Social Security Administration's approval of Plaintiff's social security disability claim; disregarding Plaintiff's self-reported symptoms; failing to consider all the diagnoses and/or limitations set forth in his medical evidence as well as the combination of those diagnoses and impairments and failing to obtain an Independent Medical Examination when the STD Policy allowed one and Plaintiff's disabling conditions could not be reasonably or fully evaluated by reviewing only his medical records.

30. Notwithstanding the fact Plaintiff was not represented during the appeal and Prudential believed he had not provided sufficient evidence to prove his claim, Prudential failed to adequately investigate his case and failed to engage Plaintiff and/or his longtime treating physicians in a dialogue during the appeal with regard to what evidence was necessary so Plaintiff could perfect his claim. Prudential's failure to adequately investigate the claim and to engage Plaintiff in this dialogue or to obtain the evidence it believed was important to assist in perfecting the claim is a violation of ERISA and Ninth Circuit case law and a reason he did not receive a full and fair review.

31. Prudential has notified Plaintiff he has exhausted his administrative appeals as it relates to his STD claim and he deems his appeals to be exhausted in the LTD claim as it would be futile for him to appeal the LTD denial given Prudential's denial of his STD claim.

32. In evaluating Plaintiff's claim on appeal, Prudential had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in his best interests and other participants" which it failed to do. [2]

33. Plaintiff believes one reason Prudential provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to its aforementioned conflicts of interest. Plaintiff believes Prudential's conflict of interest is evident in the fact that if it found he continued to meet the definition of short term disability in the STD Policy and Plaintiff exhausted those benefits, Prudential would then be confronted with the potential of paying him disability benefits for many years pursuant to the LTD Policy which it fully insured and issued to the company. Due to its conflict of interest, when Prudential terminated Plaintiff's short term disability claim it saved a significant sum of money on both the STD and the LTD claims.

34. Plaintiff is entitled to discovery regarding the aforementioned conflict of interest and any individual or company who was involved in and/or reviewed Plaintiff's claim and the Court may properly weigh and consider evidence regarding the nature, extent and effect of *any* conflict of interest which may have impacted or influenced the decision to terminate his benefits.

35. With regard to whether Plaintiff meets the definition of disability set forth in the STD and/or LTD policies, the Court should review the evidence in Plaintiff's claim *de*

---

[2] ERISA sets a special standard of care upon a plan Prudential, namely, that Prudential "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan. *See* 29 U.S.C. § 1104(a)(1). ERISA simultaneously underscores the particular importance of accurate claims processing by insisting that Prudentials "provide a 'full and fair review' of claim denials." *See Firestone*, 489 U.S. at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting 29 U.S.C. § 1133(2)). ERISA also supplements marketplace and regulatory controls with judicial review of individual claim denials. *See* 29 U.S.C. § 1132(a)(1)(B); and, *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (2008).

1  *novo,* because even if the Court concludes the STD Policy and/or LTD Policy properly
2  confers discretion to Prudential, its unlawful violations of ERISA committed during the
3  review of Plaintiff's claim as referenced herein are so flagrant they justify *de novo* review.

4      36.    As a direct result of Prudential's decision to deny Plaintiff's disability claim
5  he has been injured and suffered damages in the form of lost short and long term disability
6  benefits in addition to other potential employee benefits, including but not limited to health
7  insurance benefits he may have been entitled to receive through or from the Plans, the
8  relevant policies and/or the Company as a result of being found disabled.

9      37.    As referenced *supra*, since exhausting STD benefits was a pre-requisite for
10  Plaintiff to be eligible for LTD benefits, Prudential's denial of his STD claim precluded his
11  eligibility to obtain benefits pursuant to the Prudential LTD Policy.  At present, but for
12  Prudential's erroneous termination of his STD claim, he would now be eligible for and
13  receiving LTD benefits.  Therefore, Plaintiff seeks a determination in this litigation that he
14  is eligible for LTD benefits and meets any definition of disability in the Prudential LTD
15  Policy since the evidence submitted to Prudential proves he meets both the short and long
16  term definitions of disability in the respective STD and LTD policies as these definitions are
17  substantially similar for the first twenty-four (24) months of disability.

18      38.    Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid
19  benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

20      39.    Plaintiff is entitled to prejudgment interest at the rate of 10% per annum
21  pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate him for
22  losses he incurred as a result of Defendants' unjustified limited payment of benefits.

23      WHEREFORE, Plaintiff prays for judgment as follows:

24      A.    For an Order finding that Plaintiff meets any definition of disability set
25  forth in both the STD and LTD policies.  For an Order requiring Defendants to pay
26

Plaintiff short and long term disability benefits and any other employee benefits he may be entitled to as a result of being found disabled pursuant to the aforementioned short and long term disability policies, from the date he was first denied these benefits through the date of judgment and prejudgment interest thereon, as well as any other employee benefits he may be entitled to from the Plan and/or Company as a result of being found disabled;

  B. For an Order requiring Defendants to continue paying Plaintiff the aforementioned benefits until such time as he meets the conditions for termination of benefits;

  C. For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

  D. For such other and further relief as the Court deems just and proper.

      DATED this 1st day of November, 2011.

      SCOTT E. DAVIS. P.C.

      By: */s/ Scott E. Davis*
        Scott E. Davis
        Attorney for Plaintiff